**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1199**

───────────────

JUSTINE CONWAY,

        Plaintiff - Appellant,

    v.

KILOLO KIJAKAZI, Commissioner, Social Security Administration,

        Defendant - Appellee.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:21-cv-00502-JRR)

───────────────

Submitted:  July 25, 2024                        Decided:  July 29, 2024

───────────────

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

───────────────

Remanded by unpublished per curiam opinion.

───────────────

Justine Conway, Appellant Pro Se.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justine Conway seeks to appeal the district court's order dismissing her Title VII complaint against her employer. When the United States or its officer or agency is a party in a civil case, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). The district court may reopen the time to file an appeal if the moving party did not receive notice of the entry of the order sought to be appealed within 21 days after entry, the motion is filed within the earlier of either 180 days after the order is entered or 14 days after the moving party receives notice under Fed. R. Civ. P. 77(d) of the entry, and no party would be prejudiced. Fed. R. App. P. 4(a)(6).

The district court entered its order on August 10, 2023, and Conway did not file a timely notice of appeal. However, Conway filed a letter with the district court on February 5, 2024—within Rule 4(a)(6)'s 180-day time limit—that included a manifest request for additional time to appeal and stated that she did not receive timely notice of the entry of the district court's order, which we construe as a request for a reopening of the appeal period under Fed. R. App. P. 4(a)(6).[*]

---

[*] Because Conway filed the letter more than 30 days after the appeal period expired, the letter cannot be construed as a Rule 4(a)(5) motion for extension of time to file a notice of appeal.

2

Accordingly, we remand this case to the district court for the limited purpose of determining whether Conway is entitled to an extension or a reopening of the appeal period. The record, as supplemented, will be returned to this court for further consideration.

*REMANDED*